UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN TIGER,                         )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Civil Action No. 10-722 (RWR)
                                    )
ERIC HOLDER et al.,                 )
                                    )
    Defendants.                     )
_____)

## MEMORANDUM OPINION

The plaintiff, John Tiger, is a prisoner who is proceeding in forma pauperis and has filed a pro se complaint. The complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 18 U.S.C. § 1915A(b)(1) (requiring review of such a case and dismissal "if the complaint . . . fails to state a claim upon which relief may be granted").

Tiger seeks relief under the provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* Compl. ¶ 6. He challenges his prison security classification, established by the Federal Bureau of Prisons ("BOP"), requests that it be recalculated and that he be housed in a minimum security institution rather than a low-security institution. *See id.* ¶¶ 9-14 & at 15 ("Relief Requested"). The BOP is charged with determining the place of a federal prisoner's imprisonment. *See* 18 U.S.C. § 3621(b). Any such determination is not subject to judicial review under the APA, as "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-26]." 18 U.S.C. § 3625. Therefore, Tiger's complaint must be dismissed

1

because the relief he seeks is not available to him. *Accord, Miller v. Federal Bureau of Prisons*, Civil Action No. 09-513 (PLF), 2010 WL 1172576,*5 (D.D.C. Mar. 29, 2010) (determining that plaintiff had no right of action under the APA arising from the recalculation of his History of Violence score "because BOP decisions involving custody classification and place of confinement are expressly exempt by statute from judicial review under the APA"); *Perez v. Lappin,* 672 F. Supp. 2d 35, 44 (D.D.C. 2009) (determining that the BOP's decision regarding an inmate's "public safety factor" — a component of custody classification determination — is not subject to judicial review under the APA).

Accordingly, because the facts Tiger alleges affirmatively preclude the relief he seeks, *see Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000), the case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

SIGNED this 1st day of June, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge